**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OXFORD REALTY GROUP, LLC, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**AXIS REINSURANCE CO., et al.,**<br><br>**Defendants.** | **Civil Action No. 08-6303 (WJM)**<br><br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court by way of Plaintiffs' motion to remand and for attorneys' fees. [CM/ECF Docket Entry Nos. 4 and 16].[1] Defendants have opposed the motion. The Honorable William J. Martini, U.S.D.J., referred this motion to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based on the reasons set forth below, it is respectfully recommended that Plaintiffs' motion to remand be **granted.**

**BACKGROUND**

On or about November 24, 2008, Plaintiffs Oxford Realty Group, LLC and TOV Realty Co. (collectively "Plaintiffs") filed a Complaint in the Superior Court of New Jersey, Middlesex County, against Defendants Axis Reinsurance Company ("Axis"), Arch Insurance Group and Arch Specialty Insurance Company (collectively "Arch") asserting breach of contract (and related) claims arising out of Defendants' refusal to provide insurance coverage to Plaintiffs in an underlying lawsuit.[2]

---

[1] Plaintiffs have actually filed two separate motions to remand. See CM/ECF Docket Entry Nos. 4 and 6. Because the issues presented therein are interrelated, the Court will address both motions together.

[2] See Compl., ¶¶ 9-11, 4-7; Notice of Removal, ¶ 2.

On or about December 23, 2008, Axis removed the action to this Court pursuant to 28 U.S.C. § 1441(a), asserting that this Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[3]  Plaintiffs filed a motion to remand the matter to the Superior Court of New Jersey on January 9, 2009.[4]  Thereafter, Axis filed an Amended Notice of Removal on  January 14, 2009.[5]  In response, Plaintiffs filed a second motion to remand on February 12, 2009.[6]  Both motions are now before this Court.[7]

## DISCUSSION

Plaintiffs argue that Defendants' removal is procedurally deficient for two reasons: (1) it is untimely; and (2) lack of unanimity.  "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  On a motion to remand, the removing party bears the burden of demonstrating the appropriateness of removal.  See, e.g., Penn v. Wal-Mart Stores, 116 F. Supp. 2d 557, 561 (D.N.J. 2000).  In addition, removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand.  See, e.g., Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). With this framework in mind, the Court turns now to each of Plaintiffs' arguments.

---

[3] See Notice of Removal, ¶ 2.

[4] See CM/ECF Docket Entry No. 4.

[5] See CM/ECF Docket Entry No. 5.

[6] See CM/ECF Docket Entry No. 16.

[7] Motions to remand based on defects in the removal procedure must be filed within thirty (30) days of the filing of the notice of removal. See 28 U.S.C. § 1447(c).  It is undisputed that each of Plaintiffs' motions were timely filed.

## I.      Timeliness

Plaintiffs argue that this matter should be remanded because removal to this Court was untimely.  In particular, Plaintiffs claim that the time period in which Axis could remove runs from the date on which Axis received a copy of Plaintiffs' Complaint, not from the date on which Axis was formally served with same.  Because Axis received a copy of the Complaint on November 24, 2008, Plaintiffs claim that the January 14, 2009 removal was untimely.

To properly remove a case from state court to federal court, a notice of removal must be filed in the federal court within thirty (30) days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The thirty-day period for removal is mandatory and cannot be extended by the Court. See Galvanek v. AT & T, Inc., No. 07-2759, 2007 WL 3256701, at *2 (D.N.J. Nov.5, 2007).

The removal period in this matter was triggered when service was properly effectuated upon Axis, the removing Defendant.   As the Supreme Court has held, mere receipt of a complaint, unattended by formal service, is insufficient to trigger the thirty-day time period within which a defendant may remove. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (holding that "a named defendant's  time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").[8]  While Plaintiffs would have the removal period triggered by Axis's receipt of

[8] The Supreme Court went on to explain the four possibilities that could arise:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant

a courtesy copy of the Complaint on November 24, 2008, Axis was not a party to this litigation

until December 18, 2008 – the date on which it was formally served. See id. at 350 (explaining that

a named defendant "becomes a party officially, and is required to take action in that capacity, only

upon service of a summons."). Accordingly, the time period for removal was triggered by formal

service upon Axis, not by its mere receipt of the Complaint. It is undisputed that Axis was formally

served on or about December 18, 2008. See Maitlin Cert., ¶ 3.[9] Axis's Amended Notice of Removal

was filed on January 14, 2009, which is within thirty (30) days from the date of service. Axis's

Amended Notice of Removal was, therefore, timely.

Plaintiffs do not expressly dispute that the removal in this matter was timely; rather, Plaintiffs

argue that Axis should, nevertheless, be judicially estopped from using the date of formal service as

the triggering date given that Plaintiffs' original Notice of Removal implicitly used the date of

receipt of the Complaint as the triggering date. See Notice of Removal, ¶ 1 ("Plaintiffs' complaint

. . . was first received by Axis on November 26, 2008."). Three requirements must be met before

a court may properly apply judicial estoppel:

> sometime after, the period for removal runs from the defendant's
> receipt of the complaint. Third, if the defendant is served with the
> summons and the complaint is filed in court, but under local rules,
> service of the complaint is not required, the removal period runs from
> the date the complaint is made available through filing. Finally, if the
> complaint is filed in court prior to any service, the removal period
> runs from the service of the summons.

Murphy Bros., 526 U.S. at 354 (citing Potter v. McCauley, 186 F.Supp. 146, 149 (D. Md.1960)).

---

[9] The Court notes that it is unclear whether Axis was formally served on December 17th or
December 18th. Compare Maitlin Decl., ¶ 3 (indicating that Axis was formally served on December
18, 2008) with Pl. Br. at 1 (indicating that Axis was formally served on December 17, 2008).
Because Axis's Amended Notice of Removal was filed within thirty (30) days from either date, this
distinction is immaterial to the Court's instant analysis.

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changed his or her position "in bad faith-i.e., with intent to play fast and loose with the court." Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.

See, e.g., Montrose Med. Group Participating Savings Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001) (internal citations omitted). To resolve this issue, the Court need go no further than the first requirement – namely, that the party has taken two positions which are clearly inconsistent.  Here, Axis has not taken two positions which are "irreconcilably inconsistent;"[10] rather, Axis's original Notice of Removal indicated that Plaintiffs' Complaint was first received by Axis on November 26, 2008.  This is entirely consistent with Axis's current position that it first received a copy of the Complaint on November 26, 2008, but was formally served on December 18, 2008.  See Amended Notice of Removal, ¶ 1. In any event, there is no indication that Axis's failure to list the date on which it was formally served in its original Notice of Removal was done in bad faith. Therefore, the Court declines to apply the "extreme remedy"[11] of judicial estoppel in this case.

Accordingly, the Court concludes that removal of this matter was timely noticed pursuant to 28 U.S.C. § 1446(b).

---

[10] See  Montrose, 243 F.3d at 779.

[11] See, e.g., Chao v. Roy's Const., Inc., 517 F.3d 180, 186 n. 5 (3d Cir. 2008) ("We have also endorsed the view that judicial estoppel is an extreme remedy, to be used only 'when the inconsistent positions are "tantamount to a knowing misrepresentation to or even fraud on the court." ' ") (quotations omitted).

**II.     Unanimity**

Alternatively, Plaintiffs argue that Defendants' removal is procedurally deficient inasmuch

as it lacks unanimity.  Originally, Plaintiffs claimed that Axis's removal was deficient because the

Notice of Removal did not indicate that consent had been given by Defendant Arch.  The Amended

Notice of Removal filed by Axis purported to cure this error by providing the consent of Arch.[12]

Plaintiffs now argue that removal is still improper because Arch was barred from giving its consent

to removal based upon a "service of suit" clause contained in its policy.

It is a well-established rule that all defendants must join in the notice of removal – often

referred to as "the rule of unanimity." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir.1995).

There are three exceptions: (1) when the non-joining defendant or defendants are unknown or

nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident

defendant has not been served at the time of removal. See id. at 213 n. 4. Assuming an exception

does not apply, the rule of unanimity requires that all defendants "join in the notice of removal or

give their consent within the thirty day period for the removal to be proper." New York Reg'l Rail

Corp. v. Bridges, No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006). "Failure of all

---

[12] Having already determined that the Amended Notice of Removal was timely filed, the Court declines to comment on the propriety of filing amended notices of removal, in general. Suffice it to say that the Court has considered the Amended Notice of Removal in this case given that it was filed within thirty (30) days from the date on which the Complaint had been formally served on Axis. See generally Blakeley v. United Cable Sys., 105 F. Supp. 2d 574, 578 (S.D. Miss. 2000) ("Within the thirty-day period prescribed by § 1446(b), a defendant may freely amend its notice of removal."); 14 C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733, at 357-58 (3d ed. 1998) ("The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal").

defendants to join is a defect in the removal procedure . . . but is not deemed to be jurisdictional."
Balazik, 44 F.3d at 213.

The crux of Plaintiffs' argument regarding unanimity is that the "service of suit" clause contained in Arch's policy prohibited Arch from removing and/or giving its consent to removal in this case.  Therefore, Plaintiffs request that the entire matter be remanded, or, in the alternative, that the matter be remanded as to Arch only. Axis opposes Plaintiffs' argument on the basis that: (a) Arch's "service of suit" clause does not preclude Axis from removing this matter to federal court or Arch from consenting to same, and (b) if Arch is unable to consent, Axis is excused from obtaining Arch's consent.  Arch opposes Plaintiffs' argument on the basis that: (a) Arch has not waived its right to remove or consent to removal of this action, and (b) to the extent Plaintiffs seek a "partial remand" as to Arch only, any such request has no basis in law.  Based on the reasons that follow, the Court finds that the rule of unanimity has not been satisfied.

The "service of suit" clause at issue in this case provides that:

> It is agreed that in the event of this company's failure to pay any amount claimed to be due hereunder, this company, at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

(Maitlin Certif., Ex. B). "Service of suit clauses, or forum selection clauses as they are commonly known, have been held to be enforceable for a number of years." Cessna Aircraft Co. v. Fidelity and Casualty Co. of New York, 616 F. Supp. 671, 673-74 (D.N.J. 1985).  In interpreting nearly identical

language contained in a forum selection clause in a procedurally similar case,[13] the Third Circuit

found that the legal effect of the clause was to waive the defendant's right to remove.[14]  See Foster

v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216 (3d Cir.), cert. denied, 502 U.S. 908, 112 S.Ct.

302, 116 L.Ed.2d 245 (1991) (following "long line of cases treating similar language which found

that the forum selection clauses waived the defendant's right to remove, and which therefore granted

the plaintiff's motion to remand."); see also Cessna, 616 F. Supp. at 674 (assessing similar "service

of suit" clause and finding that "[l]anguage identical to that in issue here has consistently been held

---

[13] In Foster, the matter had been removed from state to federal court on the basis of diversity of citizenship and an adequate amount in controversy.  The forum selection clause at issue provided that:

> In the event the Retrocessionaire [Chesapeake] is not domiciled in the United States of America, and the Retrocessionaire fails to pay any amount claimed to be due hereunder, the Retrocessionaire, at the request of the Company [Mutual Fire], will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction; and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216 (3d Cir. 1991).

[14] Axis argues that the Foster case is not controlling on this issue given that Pennsylvania law was applied in that case.  In particular, Axis argues that "[c]ontrary to the reasoning in Foster, which did not apply New Jersey law, this Court's interpretation of Plaintiffs' contract with Arch must meet" New Jersey's "clear and unmistakable" standard to effect a forum selection waiver. (Axis Br. at 18 n. 17 (citing to Camden Bd. of Ed. v. Alexander, 181 N.J. 187, 196 (2004)).  This is not so.  The Court in Foster expressly rejected the notion that contractual waivers of § 1441(a) removal rights must be "clear and unequivocal." See Suter v. Munich Reinsurance Co., 223 F.3d 150, 156 (3d Cir. 2000) (citing to Foster, 933 F.2d at 1217 n. 15).  Rather, the Court explained that "[a] court simply should determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." Foster, 933 F.2d at 1217 n. 15.  The Court's general statement regarding the standard for contractual waivers of § 1441(a) removal rights had no direct bearing on the underlying breach of contract claim and, therefore, was not driven by application of a particular state's law.

to constitute a waiver, by the insurer, of its right to remove an action from state court to federal court."). In particular, the Third Circuit explained that "by consenting to 'submit' to 'any court' of competent jurisdiction 'at the request of the Company,' and to comply with all requirements necessary to give 'such court' jurisdiction, Chesapeake agreed to go to, and stay in, the forum chosen by Mutual Fire." Id. at 1216 -1217 (emphasis in original).[15] In finding defendant's removal violative of the clause, the Court reasoned that "while the substantive law to be applied by the federal court upon removal of this diversity action would still be that applied in the state court, the practice of the federal courts rather than that of the Commonwealth Court of Pennsylvania would govern the matter." Id. at 1217 (emphasis in original).

In light of the Court's ruling in Foster, this Court finds that Arch has agreed "to go to" and "stay in" the forum chosen by Plaintiffs. Foster, 933 F.2d at 1216-17. In doing so, Arch has waived its right to remove this action. Having waived its right to remove the action, Arch has likewise waived its right to consent to another defendant's removal. See, e.g., Consol Energy Inc. v. Berkshire Hathaway Inc., 252 Fed. Appx. 481, 482-83 (3d Cir. 2007) ("Here, the District Court realized that

---

[15] To the extent Axis directs the Court to the Suter v. Munich Reinsurance Co., 223 F.3d 150 (3d Cir. 2000), and In re Texas Eastern Transmission Corp., 15 F.3d 1230 (3d Cir. 1994), decisions, wherein the Third Circuit found that similar "service of suit" clauses did not result in a waiver of the right to remove, those cases are distinguishable inasmuch as they were not removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a); rather, they were removed on the basis of specific federal statutes which carried strong policy implications notably absent here. See Suter, 223 F.3d at 157-58 (finding that removal under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards Act, 9 U.S.C. § 205, could not be waived in the absence of "clear and unambiguous" language requiring such a waiver and explaining that "the Convention Act and the policy choices that support it establish a strong and clear preference for a federal forum, a policy that will be best served by resolving any ambiguity in contract language against waiver."); In re Texas Eastern Transmission Corp., 15 F.3d at 1243 ("But in Foster, a diversity of citizenship breach of contract case, we also explicitly noted that the [Foreign Sovereign Immunities Act, 28 U.S.C. § 1330] poses unique considerations that might warrant a different conclusion.").

National Fire could not consent to removal based upon the forum selection clause in its policy of insurance with Consol [in which it waived its right to remove the action to federal court].”); Foster, 933 F.2d at 1216-17 (“[B]y consenting to ‘submit’ to ‘any court’ of competent jurisdiction ‘at the request of the Company,’ and to comply with all requirements necessary to give ‘such court’ jurisdiction, Chesapeake agreed to go to, **and stay in**, the forum chosen by Mutual Fire.”) (emphasis added).  Accordingly, the removal petition fails to comply with the unanimity rule and is therefore procedurally defective.[16]  See, e.g., Balazik, 44 F.3d at 209, 213 (3d Cir. 1995) (agreeing that “failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c).”).

 As a result, this matter should be remanded to the Superior Court of New Jersey as required by 28 U.S.C. § 1447(c).[17]

---

[16]  To the extent Axis argues that it is somehow excused from obtaining Arch’s consent, Axis has failed to provide any binding legal authority in support of this proposition.

[17] Plaintiffs have requested attorneys’ fees pursuant to 28 U.S.C. § 1447(c).  Section 1447 (c) provides, in relevant part, that “[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal.”  The Supreme Court has explained that “[a]bsent unusual circumstances, courts may award attorney’s fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.” Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Axis argued that removal to federal court was proper based on diversity of citizenship, and given that it was timely noticed and satisfied the rule of unanimity. Although the Court disagrees that the rule of unanimity has been satisfied, as discussed above, such circumstances do not warrant an award of attorneys’ fees. Plaintiffs’ request for attorneys’ fees and costs pursuant to 28 U.S.C. § 1447(c) is, therefore, denied.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiffs' motion to

remand be **granted.** Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from

receipt of this Report and Recommendation to file and serve any objections.


                                              /s/ Mark Falk
DATE: April 9, 2009                           **MARK FALK**
                                              **United States Magistrate Judge**

Orig.:  Clerk of the Court
cc:     Hon. William J. Martini, U.S.D.J.
        All Parties
        File